# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DUSTIN METCALF,** | ) |
| Petitioner, | ) |
| v. | ) **Case No. CIV 15-076-RAW-KEW** |
| **JOE M. ALLBAUGH, DOC Director,** | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is a pro se inmate in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma. He is attacking his conviction and sentence in Bryan County District Court Case No. CF-2011-413 for Second Degree Murder.

The respondent concedes that Petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review. The following records have been submitted to the court for consideration in this matter:

- A. Petitioner's Judgment and Sentence

- B. Petitioner's application for post-conviction relief.

- C. Summary Disposition of Petitioner's application for post-conviction relief by the Bryan County District Court.

- D. Petitioner's second application for post-conviction relief.

- E. Summary Disposition of Petitioner's second application for post-conviction relief.
- F. Petitioner's brief in support of post-conviction appeal.

G. Order Affirming Denial of Subsequent Application for Post-Conviction Relief. *Metcalf v. State*, No. PC-2014-820 (Okla. Crim. App. Jan. 8, 2015).

Respondent alleges the state procedural bar must be applied to each of Petitioner's grounds for relief. Respondent further asserts Petitioner cannot show ineffective assistance of counsel as "cause" for his procedural default, nor can he show that application of the bar will result in a fundamental miscarriage of justice. Petitioner has raised five grounds for habeas relief:

I. Trial counsel acted "objectively unreasonable" [sic] and was ineffective for advising Petitioner to enter a blind plea.

II. Counsel was ineffective for allowing plea offer to expire and for advising Petitioner to reject plea offer.

III. Trial counsel was ineffective for advising Petitioner that it was not possible to change plea decision.

IV. The State violated Petitioner's due process rights by denying him access to a potentially exculpatory eyewitness and by encouraging this and other witnesses to commit perjury.

V. The trial court errored [sic] and/or abused its discretion in denying Petitioner's request for evidentiary hearing, as a matter of due process.

(Dkt. 1 at 6-7).

The record shows that Petitioner entered a blind plea to one count of Second Degree Murder and was sentenced on May 31, 2013 (Dkt. 7-1). He did not file a timely application to withdraw his plea, nor did he seek to file a certiorari appeal.

On December 26, 2013, Petitioner filed a post-conviction application in the Bryan County District Court (Dkt. 7-2), which was denied on January 24, 2014 (Dkt. 7-3). Petitioner alleged in the application that his plea "was unlawfully induced, not made

2

voluntarily with understanding of the nature of the charge and consequences of the plea." *Id.* at 1. He further alleged he was denied effective assistance of counsel. *Id.* at 1-2. Petitioner's application also made vague arguments about his sentence, the presumption of innocence, "the fruit of the poisonus [sic] tree doctrine," the burden of proof, and the Information in his case. *Id.* at 1-4.

On January 24, 2014 the state district court denied relief, finding that Petitioner had raised no factual issues in his post-conviction application, as required by Okla. Stat. tit. 22, § 1081. (Dkt. 7-3 at 1). Instead, the application made "numerous statements of law, but state[d] no legitimate factual matter in support of the conclusions." *Id.* The court found that Petitioner "failed to raise any claim which could not have been raised on direct appeal, and he . . . failed to raise any factual claim or factual basis for a procedural defect." *Id.* at 1-2. Petitioner did not appeal the post-conviction denial to the Oklahoma Court of Criminal Appeals (OCCA).

On July 2, 2014, Petitioner filed a second application for post-conviction relief in the state district court, raising claims that (1) trial counsel was ineffective in advising Petitioner to enter a blind plea; (2) trial counsel was ineffective in advising Petitioner to reject the plea offer and for allowing the plea offer to expire; (3) trial counsel was ineffective in advising Petitioner that it was impossible to change his plea decision; and (4) the State violated Petitioner's due process rights by denying him access to a potentially exculpatory eyewitness and by encouraging this and other witnesses to commit perjury (Dkt. 7-4 at 3-8).

On August 26, 2014, the state district court denied Petitioner's second post-conviction application, finding that because the application contained allegations that could have been raised on direct appeal, those claims were waived. (Dkt. 7-5 at 2) (citing *Logan v. State*, 293

3

P.3d 969 (Okla. Crim. App. 2013)). Furthermore, Petitioner had "again failed to raise any factual claim or factual basis for a procedural defect." *Id.*

On September 24, 2014, Petitioner filed an appeal of the denial of his second post-conviction application (Dkt. 7-6). The OCCA affirmed the denial of the second application in *Metcalf v. State*, No. PC-2014-820 (Okla. Crim. App. Jan. 8, 2015) (Dkt. 7-7), finding as follows:

> Petitioner has not raised any issue in this subsequent post-conviction proceeding that either was not or could not have been previously raised. He has not established any sufficient reason why his current arguments were not asserted or were inadequately raised in prior proceedings. Okla. Stat. tit. 22, § 1086.

*Id.* at 2.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

The Tenth Circuit Court of Appeals has acknowledged Oklahoma's consistent application of the "waiver" rule in appellate proceedings and that the OCCA's procedural bar rests on an adequate and an independent state ground. *Steele v. Young*, 11 F.3d 1518, 1522 (10th Cir. 1993). *See also Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999) (recognizing Oklahoma's procedural requirement that all grounds for relief that could have been--but were not--raised in a first application for post-conviction relief are deemed waived for further consideration in any subsequent application for post-conviction relief).

"'[C]ause' under the cause and prejudice test must be something *external* to the

4

petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The Court finds Petitioner has not established cause and actual prejudice to excuse his defaulted claims.

After careful review, this Court finds that application of the procedural bar by the Court of Criminal Appeals was based on state procedural rules, and Petitioner has not met the requirements of showing cause and prejudice. Having failed to demonstrate cause for his procedural default, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

The Court further finds that Petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). Petitioner has made no claims of innocence. Therefore, Petitioner's petition for a writ of habeas corpus must be denied.

Finally, the Magistrate Judge finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed, and that Petitioner be denied a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 7th day of February 2017.

                **KIMBERLY E. WEST**
                **UNITED STATES MAGISTRATE JUDGE**